E-FILED
Tuesday, 01 November, 2005  04:55:13 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIA PUNTONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-3220 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST REVENUE ASSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

NOW COMES Defendant, FIRST REVENUE ASSURANCE L.L.C. ("Defendant"), by and through its attorneys, Messer & Stilp, Ltd., a professional corporation, and for its Answer to Plaintiff's Complaint, states as follows:

## JURISDICTION

1.      This suit alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. *§ 1692 et seq.* This Court has jurisdiction over this matter pursuant to Section 1692k(d) of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d).

**Answer**:      Defendant admits the allegations set forth in Paragraph 1.

## PARTIES

2.      Plaintiff is an adult, residing in Springfield, Sangamon County, Illinois, which is located within the jurisdiction of the U.S. District Court for the Central District of Illinois.

**Answer:**      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 2 and demands strict proof thereof.

1

3.      Defendant First Revenue Assurance is registered as a professional corporation with the State of Colorado. First Revenue Assurance regularly collects debts in Illinois and other states on behalf of third parties.

**Answer:**      Defendant admits that it is registered as a professional corporation with the State of Colorado and that it collects debts in Illinois and other states on behalf of third parties. Defendant denies all remaining allegations set forth in Paragraph 3.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

4.      In August, 2004, Plaintiff received a bill from Cingular Wireless, who is not a party to this complaint, alleging a balance on a cell telephone account of $991.59. Plaintiff denies owing this amount, and at all times has disputed the bill. The billing cycle reflected on the August bill was 06/24/04 — 07/23/04, and the due date on the August bill was August 18, 2004. The bill shows that late fees would be assessed after August 23, 2004. A true and correct copy of the August bill is attached as Exhibit "A".

**Answer:**      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 and demands strict proof thereof.

5.      On or about August 11, 2004, Plaintiff received a letter from Defendant dated August 9, 2004, alleging a balance of $1170.08 for the Cingular Wireless account. A true and correct copy of Defendant's letter is attached as Exhibit "B."

**Answer:**      Defendant admits sending a letter dated August 9, 2004, to a person named Maria Puntoni at 1521 S. 8th Street, Springfield, Illinois 62703-2813 for a balanced of $1,170.08 owed to Cingular Wireless. Defendant denies all remaining allegations set forth in Paragraph 5.

6.      The Defendant's August 9 letter increased the alleged balance by $178.49 over the August Cingular Wireless bill, even though the Cingular Wireless bill indicated that no additional charges would be added until after August 23, 2004.

**Answer:**      Defendant denies the allegations set forth in Paragraph 6.

7.      Plaintiff is a "consumer" as defined in Section 1692a(3) of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. 1692a(3).

**Answer:**      Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 and demands strict proof thereof.

8.      Defendant is a "debt collector" as defined in Section 1692a(6) of the FDCPA, 15 U.S.C. 1692a(6).

**Answer:**      Defendant admits the allegation set forth in Paragraph 8.

9.      Defendant has violated section 1692e(2)(A) of the FDCPA, 15 U.S.C. 1629e(2)(A), by falsely representing the amount of the alleged debt.

**Answer:**      Defendant denies the allegations set forth in Paragraph 9.

10.      Defendant has violated section 1629f(1) of the FDCPA, 15 U.S.C. 1692f(1), by attempting to collect an amount not authorized by Cingular Wireless or its agreement with Plaintiff.

**Answer:**      Defendant denies that it has violated section 1629f(1) of the FDCPA, 15 U.S.C. 1692f(1), by attempting to collect an amount not authorized by Cingular Wireless and lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 10 and demands strict proof thereof.

WHEREFORE Defendant, FIRST REVENUE ASSURANCE, LLC, asks that this Court enter judgment in its favor, and against Plaintiff, MARIA PUNTONI, and such other relief as this Court may deem just.

## COUNT II- VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT

11.     This Court has jurisdiction over this count pursuant to Rule 18(a) of the Federal Rules of Civil Procedure which allows joinder of as many claims as the Plaintiff has against the opposing parties, and pursuant to 28 U.S.C. *§* 1367, providing for supplemental jurisdiction over claims so related to the claims giving rise to this Court's original jurisdiction.

**Answer:**     Defendant admits the allegations set forth in Paragraph 11.

12.     The Plaintiff repeats and re-alleges Paragraphs 1 through 10, inclusive, as and for her paragraph 12.

**Answer:**     Defendant repeats and realleges its answer to Paragraph 1 through 10.

13.     At all times relevant there has existed in Illinois a statute known as the Collection Agency Act, 225 ILCS 425/1 *et seq.* Illinois recognizes a private cause of action for violations of the Collection Agency Act.

**Answer:**     Defendant admits the allegations set forth in Paragraph 13.

14.     Defendant has, through the actions alleged above, violated section 9(a)(20) of the Collection Agency Act, 225 ILCS *425/9(a)(20),* by threatening to collect an amount of money that Defendant knew or should have known was more than what was owed.

**Answer:**     Defendant denies the allegations set forth in Paragraph 14.

15.     Defendant has, through the actions alleged above, violated section 9(a)(29) of the Collection Agency Act, 225 ILCS *425/9(a)(29),* by attempting to collect a charge or fee in excess of the actual debt or claim.

4

**Answer:** Defendant denies the allegations set forth in Paragraph 15.

16. Defendant's violations of the Collection Agency Act have caused Plaintiff serious and severe injuries, including injury to her reputation as well as anxiety, humiliation, nervousness, mental and emotional anguish, compensation for which must be assessed by the jury, for which she is seeking in excess of $1,000.

**Answer:** Defendant denies the allegations set forth in Paragraph 16.

WHEREFORE Defendant, FIRST REVENUE ASSURANCE, asks that this Court enter judgment in its favor, and against Plaintiff, MARIA PUNTONI, and such other relief as this Court may deem just.

## AFFIRMATIVE DEFENSE

In further answering to Plaintiff's Complaint and as an Affirmative Defense, Defendant, RJM, alleges as follows:

Any alleged violations of the FDCPA on the part of Defendant, even if true, would not have been intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.  Therefore, Defendant would be exculpated from liability to Plaintiff under §1692k(c) of the FDCPA.

WHEREFORE, Defendant, First Revenue Assurance, LLC, respectfully requests that this Honorable Court dismiss Plaintiff's Compliant, enter judgment in its favor and against the Plaintiff and award Defendant its costs and reasonable attorneys' fees incurred in the defense of this matter, and for any relief that this Court deems just.

Respectfully submitted,
FIRST REVENUE ASSURANCE, L.L.C.

s/Joseph S. Messer
Attorney #6200036
Attorney for Defendant
Messer & Stilp, Ltd.
166 W. Washington, Suite 300
Chicago, IL 60602
(312) 334-FIRM (3476)
(312) 334-3404 (Fax)
messer@messerstilp.com